UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

JS - 6

Link #5

| Case No. | CV 12-1835 PSG (JCGx) | Date | March 13, 2012 |
|---|---|---|---|
| Title | The Bank of New York Mellon v. Maria Tellez, *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):         Attorneys Present for Defendant(s):

Not Present                                              Not Present

**Proceedings:**   **(In Chambers) Order REMANDING case to state court**

On March 5, 2012 Defendants Maria Tellez and Vidal Tellez ("Defendants") filed a notice of removal of a civil action for unlawful detainer brought by The Bank of New York Mellon ("Plaintiff"). *See* Dkt #1. After reviewing Defendants' notice of removal and the underlying complaint, the Court finds that it lacks subject matter jurisdiction over this case. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (observing that a court is required to consider *sua sponte* whether it has subject matter jurisdiction).

Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or on complete diversity between the parties, *see* 28 U.S.C. § 1332. If at any time before the entry of final judgment it appears that the Court lacks subject matter jurisdiction over a case removed from state court, it must remand the action to state court. *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72 (1991). There is a "strong presumption" against removal jurisdiction, and the party seeking removal always has the burden of establishing that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 546, 566 (9th Cir. 1992). If there is any doubt as to the propriety of removal, federal jurisdiction must be rejected. *Id.* at 567. Furthermore, "a defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case 'arises under' federal law." *Franchise Tax Bd. V. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10 (1983).

The well-pleaded complaint rule requires a federal question to be evident from the face of the plaintiff's complaint for jurisdiction under § 28 U.S.C. 1331 to exist. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law. Thus, from the face of the complaint, no basis for federal question jurisdiction exists.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

JS - 6

Link #5

| Case No. | CV 12-1835 PSG (JCGx) | Date | March 13, 2012 |
|---|---|---|---|
| Title | The Bank of New York Mellon v. Maria Tellez, *et al.* | | |

     For a federal court to exercise diversity jurisdiction, there must be "complete" diversity between the parties and the amount in controversy requirement must be met. *See Strawbridge v. Curtis*, 7 U.S. (3 Cranch) 267, 267 (1806); 28 U.S.C. § 1332(a). Defendant's notice of removal fails to establish Plaintiff's citizenship. Moreover, the complaint for unlawful detainer seeks only $100.00 per day in damages since July 15, 2011. At that rate, it would take more than two years for the $75,000.00 amount in controversy requirement to be met. Therefore, diversity jurisdiction is lacking.

     Defendants' notice of removal alleges removal jurisdiction based on 28 § U.S.C. 1441. *See Not.* 4:19-21. Under Section 1441, a party may remove an action to the district court embracing the state court where the action is currently pending if the district court would also have original jurisdiction. *See* 28 U.S.C. § 1441(a). Since Defendants have failed to provide a sufficient basis for original federal jurisdiction, the action cannot properly be removed under Section 1441.

     For the foregoing reasons, the Court finds that it lacks subject matter jurisdiction over this matter and therefore REMANDS the case. The Court declines to award attorney fees.

     **IT IS SO ORDERED.**

--- : ---

Initials of Deputy Clerk    ljw for wkh